Joseph R. Cruse, Jr. (State Bar No. 163982)
LAW OFFICES OF JOSEPH R. CRUSE, JR.
23823 Malibu Road, Suite 50-130
Malibu, California 90265
Telephone: (310) 598-3811
Facsimile: (310) 598-3876
Email: jcruse@jcruselaw.com

Attorneys for Plaintiff,
CNB-BASEVI

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CNB-BASEVI, INC., a Wyoming corporation,

Plaintiff,

vs.

CODI ENTERPRISE, INC., a California corporation,

Defendant.

CASE NO:

**COMPLAINT FOR:**

1. **FEDERAL TRADEMARK INFRINGMENT;**
2. **FALSE DESIGNATION OF ORIGIN;**
3. **UNFAIR BUSINESS PRACTICES (CA B & P 17200)**
4. **UNFAIR TRADE PRACTICES (CA B & P 17500)**

[JURY TRIAL DEMANDED]

## COMPLAINT

Plaintiff CNB-BASEVI, INC., (hereinafter, "Plaintiff"), by and through its undersigned counsel, for its Complaint against Defendant CODI ENTERPRISE, INC. (hereinafter, "Defendant") states the following.

Allegations made on belief are premised on the belief that the same are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

## THE PARTIES

1. Plaintiff is a Wyoming corporation organized under the existing laws of the state of Wyoming and has an office and principal place of business at 712 Pioneer Ave., Cheyenne, Wyoming, USA.

2. Upon information and belief, Defendant, Codi Enterprise, Inc., is a corporation organized under the laws of the State of California and has an office and place of business at 301 E. 4th Street, Ste., D, Los Angeles, CA 90013.

3. Plaintiff is the exclusive licensee of the use of the Trademarks and Copyrights in North America, granted to them by licensor, Cromo-N.B. of Italy, including, but not limited to United States Trademark Registration No. 2,399,473, registered October 31,2000, for <NB> for religious materials in International Class 16.

## NATURE OF ACTION

4. This is an action for trademark infringement and false designation of origin under the Trademark Act of 1946, as amended (The Lanham Act, 15 US.C. § 1051 et seq.), unfair trade practices under California Business and Professions Code §17500 and unfair business practices under California Business and Professions Code §17200, based on the Defendant's adoption and use of the logo <NB> as a brand name for religious goods in violation of Plaintiffs established rights in its logo <NB> as a registered trademark for religious products.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1121 actions arising under the Federal Trademark Act), 28 US.C. 1338(a) (acts of Congress relating to trademarks) and 28 US.C. 1338(b) (pendent unfair competition claims).

**COUNT ONE**

**INFRINGEMENT OF FEDERAL**

**TRADEMARK REGISTRATION NO. 2,399,473**

6. Plaintiff hereby realleges and incorporates by reference the allegations of paragraphs 1 through 5 of this Complaint as if fully set forth herein.

7. Plaintiff is the holder of an exclusive license granted to it by Cromo-NB, owner of United States Trademark Registration No. 2,399,473, registered October 31,2000, for <NB> for religious materials in International Class 16, a copy of which is attached hereto as Exhibit A and made a part hereof. This registration is now valid, subsisting, uncancelled and unrevoked.

8. Continuously since on or about January 1, 1934, the mark, <NB>, has been used in connection with and to identify products and to distinguish said products from similar products offered by other companies, by, and without limitation, prominently displaying said mark on religious products and advertising and promotional materials distributed throughout the United States. Plaintiff's products sold under the <NB> mark and brand name are provided nationwide including in the State of California, and has attained secondary meaning.

9. In addition, as of the date of the filing of this complaint, Plaintiff is actively engaged in expanding its use of the <NB> mark in connection with religious goods in interstate commerce throughout the United States including in the State of California.

10. Defendant has infringed Plaintiff s mark in interstate commerce by various acts, including, without limitation, the selling, offering for sale, promotion and advertising religious products with the logo "<NB>" identical to the type of religious products offered by Plaintiff.

11. Defendant's use of <NB> in connection with religious products is without permission or authority of the Plaintiff and said use is likely to cause confusion, to cause mistake and/or to deceive.

12. Defendant's use of <NB> in connection with religious products has been made notwithstanding Plaintiffs well-known and prior established rights in the trademark <NB> and with both actual and constructive notice of Plaintiffs federal registration rights under 15 U.S.C. § 1072.

13. On or about September 22, 2014, Plaintiff caused to be delivered a letter demanding, among other things, that Defendant cease and desist from using Plaintiff's copyrighted artwork and trademark. A copy of the letter is attached hereto as Exhibit B and made a part hereof.

14. On or about September 25, 2014, Defendant received Plaintiff's letter. A copy of the return receipt is attached hereto as Exhibit C and made a part hereof.

15. Upon information and belief, Defendant's infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to Plaintiffs business, reputation and good will in its federally registered <NB> trademark. Plaintiff has no adequate remedy at law.

**COUNT TWO**

**FALSE DESIGNATION OF ORIGIN UNDER**

**15 U.S.C. § 1125(A)**

16. Plaintiff hereby realleges and incorporates by reference the allegations of paragraphs 1-15 of this Complaint as if fully set forth herein.

17. Upon information and belief, Defendant has used the designation <NB> in connection with religious products in interstate commerce. Said use of the designation <NB> is a false designation of origin, a false or misleading description and representation of fact which is likely to cause confusion and to cause mistake, and to deceive as to the affiliation, connection or association of Defendant with Plaintiff and as to the origin, sponsorship, or approval of Defendant's products and commercial activities by Plaintiff.

18. Upon information and belief, Defendant's wrongful activities have

caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to Plaintiffs business, reputation and good will in its <NB> mark. Plaintiff has no adequate remedy at law.

**COUNT THREE**

**UNFAIR COMPETITION UNDER**

**CALIFORNIA BUSINESS & PROFESSIONS CODE §17200**

19. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 17 of this Complaint as if fully set forth herein.

20. Defendant's activities as stated herein constitute unfair competition and an infringement of Plaintiffs common law trademark rights in the name <NB> within the State of California and in violation of California law as set forth under Business and Professions Code §17200.

21. Upon information and belief, Defendant's wrongful and infringing activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to Plaintiff s business, reputation and good will in its <NB> mark. Plaintiff has no adequate remedy at law.

**COUNT FIVE**

**UNFAIR TRADE PRACTICES UNDER**

**CALIFORNIA BUSINESS & PROFESSIONS CODE §17500**

22. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 21 of this Complaint as if fully set forth herein.

23. Defendant's activities alleged herein constitute unfair and deceptive acts and practices in the conduct of its trade and business in violation of California Business and Professions §17500.

24. Upon information and belief, Defendant's wrongful and deceptive

activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to Plaintiff's business, reputation and good will in its <NB> mark. Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff prays:

1. That a preliminary and permanent injunction issue restraining Defendant, its agents, servants, employees, successors and assigns and all others in concert and privity with them from using the name and logo <NB> in connection with the offering of religious products, from infringement of U.S. Trademark Registration No. 2,399,473, from unfairly competing with Plaintiff, and from engaging in unfair and deceptive trade practices, pursuant to Section 34 of the Lanham Act (15 U.S.C. § 1116), Sections 17200 and 17500 of the California Business and Professions Code, and the equitable power of this Court to enforce the common law of the State of California.

2. That Defendant be required to account to Plaintiff for Defendant's profits and the actual damages suffered by Plaintiff as a result of Defendant's acts or infringement, false designation of origin, unfair competition, and unfair and deceptive trade practices, together with interest, and that Plaintiff's recovery be trebled, pursuant to Section 35 of the Lanham Act (15 U.S.C. § 1117), Sections 17200 and 17500 of the California Business and Professions Code.

3. That Defendant be ordered to surrender for destruction all nameplates, labels, advertisements, and other materials incorporating or reproducing the infringing <NB> trademark, pursuant to Section 36 of the Lanham Act (15 U.S.C. § 1118), Sections 17200 and 17500 of the California Business and Professions Code and the equitable power of this Court to enforce the common law of the State of California;

4. That Defendant be compelled to pay Plaintiff's attorneys' fees, together

with costs of this suit, pursuant to Section 35 of the Lanham Act (15 U.S.C. § 1117) and Sections 17200 and 17500 of the California Business and Professions Code.

5. For such other and further relief as may be just and equitable.

Respectfully Submitted,

THE LAW OFFICES OF JOSEPH R. CRUSE, JR.

Dated: October 24, 2014

By: ______________________

Joseph R. Cruse, Jr.
Attorneys for Plaintiff
CNB-BASEVI, INC.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demand trial by jury of all issues that may be tried by jury.

Respectfully Submitted,

LAW OFFICES OF JOSEPH R. CRUSE, JR.

Dated: 10/25/14

Joseph R. Cruse, Jr.
Attorneys for Plaintiff
CNB-BASEVI, INC.

**EXHIBIT A**

**Int. Cl.: 16**

**Prior U.S. Cls.: 2, 5, 22, 23, 29, 37, 38 and 50**

**Reg. No. 2,399,473**

**Registered Oct. 31, 2000**

## United States Patent and Trademark Office

**TRADEMARK**
**PRINCIPAL REGISTER**

CROMO-N.B., S.R.L. (ITALY CORPORATION)
VIA AUSONIO, 6
20123 MILANO, ITALY

FOR: PRINTED MATERIALS, NAMELY, GREETING CARDS, ART PRINTS, BOOKS FEATURING RELIGIOUS CEREMONIES, QUINCEANERA IN THE NATURE OF A GIRL'S COMING OF AGE AT AGE 15 INVITATIONS, WEDDING ALBUMS, POSTERS, INVITATIONS, PRAYER CARDS AND REMEMBRANCES IN THE NATURE OF PRINTED CARDS, IN CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29, 37, 38 AND 50).

FIRST USE 0-0-1934; IN COMMERCE 0-0-1934.

SER. NO. 75-702,089, FILED 5-10-1999.

GINNY ISAACSON, EXAMINING ATTORNEY

**EXHIBIT B**

LAW OFFICES OF
**JOSEPH R. CRUSE, JR.**
A PROFESSIONAL CORPORATION

23823 MALIBU ROAD, SUITE 50-130
MALIBU, CA 90265
TEL (310) 598-3811
FAX (310) 598-3876

Joseph R. Cruse, Jr.*
* LICENSED IN CALIFORNIA AND OHIO
DIRECT TELEPHONE: (310) 598-3804
DIRECT E-MAIL: JCRUSE@JCRUSELAW.COM

**Via Certified Mail : Return Receipt Requested**

September 22, 2014

Codi Enterprise Inc
301e.4th Street#"D"
Los Angeles C.A. 90013

**RE: Infringing Merchandise**
**Our File No.: 2014J22A**

To Whom It May Concern:

This letter is being sent to you on behalf of our client, CNB-Basevi.

My client was recently notified of sales of products bearing the registered copyrights and trademarks which are the property of Cromo, N.B.. A copy of pictures of these infringing products are enclosed.

Cromo, N.B. is the exclusive owner of all rights to its world famous artwork and related copyrights, and indicia of origin (hereinafter "Copyrighted Designs "). Cromo, N.B. has licensed its exclusive North American rights to CNB-Basevi. Because of the foregoing rights, no one is authorized to manufacture, import, advertise, offer for sale or sell any products utilizing its Copyrighted Designs without the express written permission of Cromo, N.B. or CNB-Basevi.

Your import and use of these counterfeit items bearing the Copyrighted Designs constitutes copyright infringement, as well as the use of the trademark design “NB” constitutes trademark infringement. Further, your acts substantially interfere with the merchandising and licensing of the Copyrighted Designs.

On behalf of our client, we demand that you and each and every person in your company or affiliated with you, immediately and permanently discontinue the importation, manufacture, advertisement, or sale of any artwork or object bearing any Copyrighted or Trademarked Design.

Our client considers your conduct to constitute a serious violation of its rights and to be very damaging to its business and reputation. We may pursue this matter fully and seek the maximum allowable damages against you. In this regard, you should be aware that you may be liable for treble damages and attorneys fees under the Federal Law. You should also be aware

that the importer, seller, as well at the manufacturer of infringing items are liable to our client; that Innocent intent is not a defense; that you may be subject to criminal prosecutions under the Copyright Act of 1976, as amended in 1990, and that the Individual participants may themselves be personally liable for damages.

As you may be aware, the unauthorized copying of any one of the copyrighted artworks, or the importation, distribution, offer for sale or sale of such unauthorized reproductions, may constitute infringement of the copyright in the respective artwork, and our client's exclusive rights therein.

Therefore, our client demands that you immediately:

1. Discontinue any manufacturing, reproduction, or importation of any items bearing unauthorized copies of the copyrighted artwork;

2. Provide us with full and detailed particulars of all sales and inventory of such items;

3. If you are not the manufacturer of the unauthorized reproductions of the Works, then provide us with the name of the manufacturer and supplier of the reproductions.

Please be advised that unless you agree in writing to comply with the above demands within ten days of today's date, we will assume that you do not wish to comply and we have been instructed by our clients to pursue all legal rights and remedies in connection with this matter.

Nothing in this letter shall be construed as a waiver or relinquishment of any right or remedy possessed by our client or and other affected party.

Very truly yours,

THE LAW OFFICES OF JOSEPH R. CRUSE, JR.

Joseph R. Cruse, Jr.

JRCJR:lsc
enclosures

**EXHIBIT C**

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Codi Enterprise
301 E. 4th St, #D
Los Angeles, CA
90013

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X [signature] ☐ Agent ☐ Addressee

B. Received by (*Printed Name*) H. Lee

C. Date of Delivery 9/25/14

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Certified Mail® ☐ Priority Mail Express™
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ Collect on Delivery

4. Restricted Delivery? (*Extra Fee*) ☐ Yes

2. Article Number (*Transfer from service label*) 7014 0150 0001 7521 5533

PS Form 3811, July 2013 Domestic Return Receipt